**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 12-1117

HECTOR RENE LOAIZA ARCHILA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Stahl, and Lipez,
Circuit Judges.

Robert Michael Warren on brief for petitioner.
Rebecca Hoffberg Phillips, Trial Attorney, Office of
Immigration Litigation, Civil Division, Stuart F. Delery, Acting
Assistant Attorney General, and Ada E. Bosque, Senior Litigation
Counsel, on brief for respondent.

November 16, 2012

**STAHL**, **Circuit Judge**.  Hector Rene Loaiza petitions for review of the denial by the Board of Immigration Appeals (BIA) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Because the BIA's decision is supported by substantial evidence, we deny the petition.

## I.  Background

Loaiza, a citizen of Guatemala, entered the United States without inspection on January 23, 1993.  Five months later, he applied for asylum and withholding of removal, citing the danger from paramilitary and guerrilla groups in Guatemala as the reason for his application.  In May 2008, he was interviewed by an asylum officer.  Later that year, after being served with a Notice to Appear, Loaiza conceded removability, renewed his request for asylum and withholding, and added a request for CAT protection.  He appeared with counsel for a merits hearing before an Immigration Judge (IJ) in February 2010.

At the merits hearing, Loaiza testified about, and produced documentary evidence of, various threats and acts of violence directed at his family and neighbors by clandestine groups affiliated with the Guatemalan military or communist guerrilla organizations.  Loaiza's father was tortured, and his brother and brother-in-law were murdered.  More than once, Loaiza was forced to flee his home to avoid forced recruitment or violence at the hands

of these clandestine groups.  A psychologist testified that these experiences had traumatized Loaiza, leaving him with symptoms of Post-Traumatic Stress Disorder.

The IJ denied Loaiza's application.  He credited Loaiza's testimony, but found that Loaiza had failed to show a nexus between his fear of persecution upon returning to Guatemala and his race, religion, nationality, membership in a particular social group, or political opinion, as required to justify asylum or withholding of removal.  See Mayorga-Vidal v. Holder, 675 F.3d 9, 13 (1st Cir. 2012).  He also found that Loaiza's CAT claim failed because Loaiza had not shown that he would be tortured in Guatemala.

On appeal, the BIA agreed with the IJ that Loaiza had failed to show that any past or feared future persecution was on account of a protected ground.  The BIA assumed that Loaiza's family could be a particular social group, but concluded that he had not shown a link between his fear of future persecution and his family membership.  Likewise, the BIA found no evidence to support Loaiza's claim that he was persecuted because the clandestine groups imputed a political opinion of "neutrality" to Loaiza and his family.  Finally, the BIA agreed with the IJ that Loaiza had not shown sufficient evidence that the Guatemalan government would torture him or acquiesce in his torture if he returned.

**II. Discussion**

Our review of the BIA's decision is deferential. The BIA's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, we will "accept the BIA's findings so long as they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Scatambuli v. Holder, 558 F.3d 53, 58 (1st Cir. 2009) (quoting Sharari v. Gonzáles, 407 F.3d 467, 473 (1st Cir. 2005)). We review the BIA's legal interpretations de novo. See id. Where, as here, the BIA affirms and elaborates on the IJ's findings, we review both decisions. Chanthou Hem v. Mukasey, 514 F.3d 67, 69 (1st Cir. 2008).

To be eligible for asylum, an applicant must establish a well-founded fear that he will be persecuted upon repatriation on account of a protected ground: race, religion, nationality, social group membership, or political opinion. Mayorga-Vidal, 675 F.3d at 13. A fear is well-founded if it is both genuine and objectively reasonable. Mendez-Barrera v. Holder, 602 F.3d 21, 25 (1st Cir. 2010). An applicant seeking withholding of removal must clear the higher bar of showing that future persecution on account of one of the statutory grounds is more likely than not to occur. Mayorga-Vidal, 675 F.3d at 13. To satisfy the on-account-of requirement, an applicant must provide at least "some evidence,"

whether direct or circumstantial, of his persecutors' motives. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (emphasis omitted).

Before this court, Loaiza asserts that the BIA erred by finding that he failed to show a nexus between the persecution he fears in Guatemala and either his family membership or an imputed political opinion of neutrality. He also suggests -- for the first time -- that he was targeted as a member of a social group comprised of "persons who resist clandestine groups." Because this novel argument was not raised before the BIA, we will not consider it. See Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006) ("Under the exhaustion of remedies doctrine, theories insufficiently developed before the BIA may not be raised before this court."). Likewise, because Loaiza makes no more than a cursory reference to his CAT claim, that claim is waived. See Morgan v. Holder, 634 F.3d 53, 60 (1st Cir. 2011) (deeming abandoned a "wholly undeveloped" CAT claim). Thus, we turn to Loaiza's family-membership and political-opinion claims.

Family membership can constitute membership in a particular social group for asylum purposes. "[T]o ground a viable asylum claim, that family membership must be at the root of the persecution, so that family membership itself brings about the persecutorial conduct." Ruiz v. Mukasey, 526 F.3d 31, 38 (1st Cir. 2008). We cannot conclude that the record compels such a

-5-

conclusion here. Loaiza testified that multiple members of his family were the victims of troubling incidents of violence, intimidation, and even murder, but he did not establish that they were targeted specifically because of their kinship. See id. (noting that "it is not enough merely to show that multiple members of a single family had negative experiences"). On this record, it may be a plausible inference that the Loaiza family was targeted en masse because of some family members' unwillingness to pick a side in the government-guerrilla conflict, but it is also plausible that, as the BIA concluded, they were simply victims of the chaotic lawlessness that prevailed in Guatemala. See Escobar v. Holder, No. 11-2086, 2012 WL 5193223, at *2 (1st Cir. Oct. 22, 2012) (noting widespread civil strife and violence in Guatemala during the same time period). Where the IJ and the BIA choose between equally plausible inferences, that choice is, a fortiori, supported by substantial evidence. See Morgan, 634 F.3d at 60; López de Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007). Accordingly, we conclude that Loaiza has failed to show the requisite link between the persecution he fears and his family membership.

Likewise, we reject Loaiza's imputed-political-opinion claim. Even if this claim is not, as the Government contends, too perfunctory for us to consider, the requisite nexus is absent. To succeed, Loaiza must show that his persecutors attributed a

political opinion to him (correctly or not) and that this attributed opinion was a motive for the persecution. See Elias-Zacarias, 502 U.S. at 482, 483; Mayorga-Vidal, 675 F.3d at 18. Loaiza appears to ground his political-opinion claim in his efforts to avoid recruitment by guerrilla and militia groups. But the Supreme Court has held that resisting guerrilla recruitment is not inherently political; a person might resist for any number of apolitical reasons. Elias-Zacarias, 502 U.S. at 482. Here, even if Loaiza's resistance was political -- he testified that he opposed the guerrillas' "corrupt" and violent actions -- he has offered no evidence that his resistance was understood by the guerrillas to be political in nature. See id. (finding no statutory nexus where there was no "indication . . . that the guerrillas . . . believed that Elias-Zacarias' refusal [to join them] was politically based"). Consequently, this claim too falls short.

In sum, Loaiza has failed to show an evidentiary basis for his claims sufficient to compel the conclusion that the BIA erred. See 8 U.S.C. § 1252(b)(4)(B). Although Loaiza's fear of returning to the violent conditions that plague Guatemala is understandable, the absence of the requisite statutory nexus is fatal to both his asylum and withholding of removal claims. Accordingly, we need not address his argument, based on In re Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987), that the BIA somehow

misapplied the well-founded-fear standard. As <u>Mogharrabi</u> itself notes, "an alien who succeeds in establishing a well-founded fear of persecution will not necessarily be granted asylum. He must also show that the feared persecution would be <u>on account of</u>" a statutory ground. <u>Id.</u> at 447 (emphasis added). Because Loaiza has not made that showing, we deny his petition.

### III. Conclusion

For the foregoing reasons, we <u>deny</u> the petition for review.